IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDTSON GABRIEL REYES,** | : | CIVIL ACTION NO. 1:24-CV-831 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **B. BEAVER,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). We have screened the case pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it with prejudice.

**I.      Factual Background & Procedural History**

Plaintiff, Edtson Gabriel Reyes, who is presently incarcerated in USP-Allenwood but was incarcerated in USP-Lewisburg at all relevant times, filed this case on May 12, 2024, and the court received and docketed his complaint on May 20, 2024. (Doc. 1). According to the complaint, Reyes was in his cell in USP-Lewisburg on December 14, 2023, when defendant Beaver, a correctional officer in the prison, came to the cell and told him and his cellmate to pack up their stuff because they were being moved to a different unit. (<u>Id.</u> at 4). Reyes said that he was not willing to move. (<u>Id.</u>) Beaver allegedly responded, "you better move to G-Block or I'm going to fuck you up." (<u>Id.</u>) Beaver returned to the cell later that day and told Reyes and his cellmate to leave the cell. (<u>Id.</u>) Reyes refused and again said that he

was not willing to move to a different housing unit.  (Id.)  Beaver and another officer, defendant Wolfgang, then purportedly entered the cell and picked up Reyes.  (Id.)  After doing so, Beaver allegedly threw Reyes face down into the floor of the cell and kneed him in the ribs three times.  (Id. at 4-5).  Reyes was taken to the medical department and received treatment for injuries to his face that required stitches.  (Id. at 5).  He allegedly continues to experience vision problems, headaches, and eye pain from the alleged assault.  (Id.)  The complaint asserts a Bivens claim for violation of the Eighth Amendment against Beaver, Wolfgang, and the United States Bureau of Prisons ("BOP").  (Id. at 6).

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

2

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III. Discussion

#### A. Bivens Claim

In Bivens, the Supreme Court recognized an implied damages remedy for a Fourth Amendment violation committed by federal officials, whose conduct was not encompassed by the statutory remedy available against state actors under 42 U.S.C. § 1983.  See Bivens, 403 U.S. at 397.  In over 50 years since Bivens was decided in June 1971, the Court has extended Bivens only twice: first, to a claim for sex discrimination under the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228, 248-49 (1979), and later to a claim for inadequate prison medical care under the Cruel and Unusual Punishment Clause of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 18-23 (1980).

The Supreme Court's decision in Ziglar v. Abbasi, 582 U.S. 120 (2017) sets forth a two-part test for determining whether a prospective Bivens claim may

---

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

proceed. First, courts must ascertain whether the case presents a "new context." Id. at 138. If the case differs "in a meaningful way" from previous Bivens cases decided by the Supreme Court, "then the context is new." Id. at 139. And the meaning of "new context" is "broad." Hernandez v. Mesa, 589 U.S. 93, 102 (2020). Second, if the case presents a new context, the court must then consider whether "special factors" counsel against extending the Bivens remedy. Id. This inquiry asks whether "the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." Egbert v. Boule, 596 U.S. 482, 492 (2022) (quoting Abbasi, 582 U.S. at 136). If a court concludes that "even a single reason" exists to pause "before applying Bivens in a new context," then special factors counseling hesitation exist and a Bivens remedy does not lie. Id. (quoting Hernandez, 589 U.S. at 102) (internal quotation marks omitted).

The Court's decision in Egbert reemphasizes that the continued refusal to "imply a similar cause of action for other alleged constitutional violations" is intentional—recognizing a new Bivens cause of action is "a disfavored judicial activity." Egbert, 596 U.S. at 491 (quoting Abbasi, 582 U.S. at 135). Egbert clarifies that the two-step process laid out in Abbasi "often resolve[s] to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." Id. at 483. In other words: if there is "*any* rational reason (even one) to think that *Congress* is better suited" to determine the propriety of a cause of action, then a Bivens action cannot proceed. Id. at 496. The court must broadly inquire whether "there is any reason to think that 'judicial intrusion'

4

into a given field might be 'harmful' or 'inappropriate'"—and if the answer is "yes," or even *potentially* yes, the plaintiff cannot recover under Bivens. Id. (quoting United States v. Stanley, 483 U.S. 669, 681 (1987)). Mindful of Egbert's emphasis on the presence of special factors, we proceed with Abbasi's two-step analysis.

### 1. New Context

Reyes's complaint alleges that defendants used excessive force in violation of the Eighth Amendment. This claim presents a new context for Bivens liability. As our court of appeals recently noted, the Supreme Court "has not recognized an Eighth Amendment [Bivens] claim arising from a correctional officer's use of excessive force against a prisoner." Landis v. Moyer, No. 22-2241, 2024 WL 937070, at *2 (3d Cir. Mar. 5, 2024) (nonprecedential);[3] see also Alsop v. Fed. Bureau of Prisons, No. 22-1933, 2022 WL 16734497, at *3 (3d Cir. Nov. 7, 2022) (nonprecedential) (noting that alleged use of force by correctional officers is "not a basis for relief under Bivens").

### 2. Special Factors

Having concluded that Reyes's claim presents a new context, we must determine whether "there are any special factors that counsel hesitation" in extending Bivens. Hernandez, 589 U.S. at 102 (internal quotation marks and alterations omitted) (quoting Abbasi, 582 U.S. at 136). If a court "ha[s] reason to

---

[3] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

pause before applying Bivens in a new context or to a new class of defendants," then special factors counseling hesitation exist. Id.

The Supreme Court has recognized that "when alternative methods of relief are available, a Bivens remedy usually is not." Abbasi, 582 U.S. at 145. The alternative remedy need not "afford rights to participation or appeal," because a court should defer to congressional or executive choices in erecting a remedial process, rather than conduct its own independent assessment of government procedures. Egbert, 596 U.S. at 497-98. "If there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new Bivens cause of action.'" Id. at 493 (citing Abbasi, 582 U.S. at 137).

The BOP's administrative remedy program provides an alternative remedy for Reyes to pursue his claims. Mack v. Yost, 968 F.3d 311, 321 (3d 2020). Although Reyes could not obtain money damages through the administrative remedy program, see id., the fact that the alternative remedy "do[es] not provide complete relief" is immaterial. Egbert, 596 U.S. at 493. "Rather, the court must ask only whether it, rather than the political branches, is better equipped to decide whether existing remedies 'should be augmented by the creation of a new judicial remedy.'" Id. (quoting Bush v. Lucas, 462 U.S. 367, 388 (1983)). Having carefully considered this question, and mindful of the Supreme Court's direction that expanding the Bivens remedy to new contexts is a "disfavored judicial remedy," see Egbert, 596 U.S. at 491, we conclude that Congress is better equipped to determine the contours

6

of a damages remedy than the courts. Reyes's <u>Bivens</u> claim will therefore be dismissed.

### B. Amendment

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. <u>Phillips v. Allegheny Cty.</u>, 515 F.3d 224, 245 (3d Cir. 2008). We will deny leave to amend as futile because Reyes's <u>Bivens</u> claim fails as a matter of law.

### IV. <u>Conclusion</u>

We will dismiss Reyes's complaint with prejudice. An appropriate order follows.

/S/ C<span style="font-variant:small-caps;">hristopher</span> C. C<span style="font-variant:small-caps;">onner</span><br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:   May 28, 2024